FILED

Victoria E. Brieant (CA Bar No. 141519)
Law Office of Victoria E. Brieant
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Telephone: (305) 413-9026
Facsimile: (786) 228-4914
Email: victoria@brieantlaw.com

Attorney for Plaintiff
Brian Bowman

2014 JAN 30 PM 3: 57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BOWMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IRC–INTERSTATE REALTY CORPORATION d/b/a CB RICHARD ELLIS MEMPHIS, a Tennessee corporation,<br><br>Defendant. | CASE NO: 00741 - GAF (VBKx)<br><br>**COMPLAINT FOR FRAUD AND NEGLIGENT MISREPRESENTATION; DEMAND FOR JURY TRIAL** |

BY FAX

**COMPLAINT FOR FRAUD
AND NEGLIGENT MISREPRESENTATION**

Brian Bowman hereby alleges for his Complaint against IRC-Interstate Realty Corporation d/b/a CB Richard Ellis Memphis ("Plaintiff" or "IRC"), as follows:

Complaint                          - 1

## NATURE OF THE CASE

This is a diversity action in which plaintiff seeks to recover for defendants' fraud (Intentional Misrepresentation) and negligent misrepresentation that induced Plaintiff to invest $250,000 in Green Ballast, and for any and all damages and costs flowing therefrom.

## THE PARTIES

1. Plaintiff Brian Bowman ("plaintiff" or "Mr. Bowman") is a citizen of Nevada, residing in Las Vegas, where he has resided since June 15, 2012. Plaintiff was a citizen of California from 1972 to November 12, 2011.

2. Upon information and belief, defendant IRC-Interstate Realty Corporation ("IRC") is a Tennessee corporation having its principal place of business at 2650 Thousand Oaks Boulevard, Suite 4000, Memphis, TN 38118, and has appointed as its registered agent Kevin Adams, 2620 Thousand Oaks Boulevard, Suite 4000, Memphis, TN 38118. On information and belief, in 2010, IRC was the Memphis affiliate of CB Richard Ellis Group, Inc., and continues to be the Memphis affiliate of CBRE Group, Inc. or CB Richard Ellis Group, Inc.

3. CB Richard Ellis Group, Inc. ("CBRE") is not a party to this action. On information and belief, CBRE is the largest commercial real estate management firm in the United States. Its CEO maintains his offices on Hope Street in Los Angeles, California. On information and belief, IRC manages

commercial buildings under the CBRE flag, in Tennessee, New York, and other states. Also on information and belief, commercial property managers can improve their profits if they implement methods that reduce the operating costs of the commercial buildings they manage.

4. At this time, Kevin Adams is not a party to this action. On information and belief, at all relevant times, Kevin Adams has been chief executive officer of IRC. Beginning in April 2011 and continuing at all relevant times, Kevin Adams has been chief executive officer of Green Ballast, Inc. ("Green Ballast") in addition to holding the position of CEO and Chairman of the Board of IRC. At all relevant times, IRC and Green Ballast have had overlapping officers and directors; IRC's senior officers and directors have comprised a majority of the board of directors of Green Ballast; IRC required Green Ballast maintain office space in its location in IRC's office; IRC has provided administrative staff, payroll services, telephone services and a common telephone directory for Green Ballast employees; and both entities retained some of the same lawyers. There are no signs or delineations within IRC's offices distinguishing Green Ballast from IRC or evidencing the existence of Green Ballast and those Green Ballast employees who are solely paid by Green Ballast have their offices or workspaces interspersed throughout IRC's offices. Some Green Ballast employees drew payroll from both

Complaint - 3 -

IRC and Green Ballast simultaneously. At all relevant times, Green Ballast was grossly undercapitalized.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction pursuant to 32 U.S.C. § 1332, because this is an action between citizens of different states and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

6. Defendant is subject to personal jurisdiction in this District. IRC, through its chief executive officer Kevin Adams, has visited California repeatedly for the purpose of promoting IRC's business (i.e., raising capital, meeting with investors and its product manufacturer). According to its April 26, 2012 press release, Green Ballast has stated that it has a manufacturing facility in California. In addition, these contacts included calls and meetings with Plaintiff, Gemini Strategies LLC, Inc., and various investor funds and investor relations firms. IRC negotiated with Green Ballast's prior patent holder, Gemini Strategies LLC, Inc. ("Gemini"), a California corporation. On information and belief, IRC officers met with Gemini in the State of California as part of its negotiations to obtain ownership of the patent and related application then owned by Gemini covering the daylight harvesting ballast product originally sold by Axis Technologies, Inc., Gemini had foreclosed on and purchased these patents at an auction held within the State of California. Later, Gemini became an investor in Green Ballast. IRC

purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. Based on its conduct in California, IRC should have reasonably anticipated the possibility of defending a suit in the forum. IRC has created minimum contacts with California for purposes of establishing personal jurisdiction under the Fourteenth Amendment of the U.S. Constitution and the California Long-Arm Statute.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), since a substantial part of the events or omissions giving rise to the causes of action occurred in this District.

## FACTUAL ALLEGATIONS

8. Plaintiff has more than 30 years of experience in the electrical products industry, with more than 12 years in lighting design. Plaintiff has been employed as a lighting professional in lighting product design, as a lighting manufacturer representative, and in lighting sales. From January 2003 to April 2009, when he retired, plaintiff was employed by Axis Technologies, Inc. ("Axis"), a lighting ballast company. Axis designed, manufactured, marketed and sold a patented daylight harvesting and dimming lighting ballast.

9. Kevin Adams, the chief executive officer of IRC, contacted plaintiff in Los Angeles in early 2010. Adams arranged to meet in person with plaintiff on May 25, 2010, at the entrance of the CB Richard Ellis World Headquarters in Los

Complaint - 5 -

Angeles. This initial meeting, on May 25, 2010, consisted of dinner at a restaurant in the base of the CB Richard Ellis World Headquarters building in Los Angeles. This was followed by a meeting in Los Angeles the next day, on May 26, 2010. Also present were Kevin Clarkson, Daniel Brown, Kip Hirschbach (with Axis Technologies, Inc.) and William Bethell. At all relevant times, Kevin Clarkson has been an employee of IRC and a member of its board of directors and concurrent with its founding became a member of Green Ballast's board of directors.

10. At the meeting on May 25, 2010, Mr. Adams told Plaintiff that:

a. Adams is the chief executive officer of IRC, the Memphis affiliate of CB Richard Ellis Group, Inc. ("CBRE") and provided his business card displaying the CBRE logo;

b. IRC manages commercial real estate under the CBRE flag (logo) and CBRE holds a minority interest in IRC;

c. Adams has a special relationship with CBRE's senior management – in particular its Chief Operating Officer;

d. Adams could introduce the Axis lighting ballast to the CBRE world, creating a customer installed base that would be very profitable for IRC and investors in the new entity;

e. Plaintiff would be an important part of the growth of this new business because of his knowledge of the Axis lighting ballast;

Complaint - 6 -

f.  Individuals should invest in IRC's new venture because of the "built-in" business potential of CB Richard Ellis given IRC's special relationship with CB Richard Ellis; and

g.  Adams discussed with Plaintiff potential sources of capital to build this new business venture for IRC, including that Plaintiff should consider becoming an employee of the new venture and becoming an individual investor.

11.  The in-person meeting held on May 26, 2010, between Kevin Adams and Plaintiff was held at CBRE's World Headquarters offices. During this meeting, Mr. Adams repeated the statements he had made during the dinner meeting the evening before, as set forth in paragraph 10, above.

12.  Mr. Adams arranged conference calls with Plaintiff on May 5, 6, 10, 14, and 25, 2011, and February 25, 2011, March 4 and 5, 2011, and April 4 and 5, 2011, to promote IRC's new daylight harvesting ballast business and Plaintiff's participation in the new venture, including stock Plaintiff would receive as an employee. In each of these calls, Adams repeated his statements that IRC was excited to introduce the daylight harvesting ballast into the CBRE commercial buildings. Adams promoted what he referred to as his and IRC's special relationship with CBRE and the resulting opportunity to install light ballasts in CBRE commercial buildings throughout the United States.

13. Throughout 2011 and 2012, in conversations with Plaintiff and in written materials (most of which remain in defendants' possession, custody or control), IRC, through Adams, referred to CBRE as an "immediate growth opportunity" and a "primary target customer". IRC, through Adams, solicited Plaintiff's investment based on the "seasoned management team from CBRE" and their "relationship" with CBRE.

14. In April 2011, IRC invested $3 million cash from a $3 million line of credit from its bank to create Green Ballast, Inc., to market, sell and install the daylight harvesting ballast product. From April 2011 to at least July 2013, IRC has provided payroll services, shared office space, a shared telephone switchboard service and common phone directory, legal counsel, marketing and sales support, accounting, bookkeeping, and administrative support to Green Ballast. Green Ballast payroll by automatic deposit indicates that it is from IRC. Any questions as a Green Ballast employee regarding payroll, employee benefits, or expense reimbursement at all relevant times were directed to IRC's payroll department or HR department. At all relevant times, IRC has controlled Green Ballast.

15. In 2011, in reliance on these representations (set forth in paragraphs 11-13), Plaintiff accepted employment with Green Ballast, temporarily relocated to Memphis. Tennessee, made short-term loans to Green Ballast, which have been

repaid, and invested $250,000 to purchase stock in Green Ballast. From April 2011 to July 16, 2013, Mr. Bowman was an employee of Green Ballast.

16. Throughout 2011 and until plaintiff's resignation from Green Ballast in July 2013, IRC, through Mr. Adams, continued to solicit investments in Green Ballast from Plaintiff, institutional investors and wealthy individuals based on IRC's "special" and "close relationship" with CBRE through Adams, and by presenting this "special relationship" as the opportunity for Green Ballast to install its daylight harvesting ballast in the installed base of CBRE commercial buildings throughout the United States. These solicitations were made to plaintiff and to various institutional investors and wealthy individuals.

17. Based on IRC's representations, on May 30, 2012, August 3, 2012 and again on August 27, 2012, Plaintiff invested $50,000, totaling $150,000, in Green Ballast, in exchange for common stock in Green Ballast. On September 25, 2012, plaintiff invested $100,000 in Green Ballast, in exchange for common stock. Plaintiff's cash investments totaled $250,000.

18. In the spring of 2013, plaintiff realized that IRC and Adams did not have a special or close relationship with CBRE that could facilitate the introduction of the Green Ballast daylight harvesting ballast in the CBRE-owned and managed commercial buildings in the United States.

19. IRC and Adams knew or should have known that they did not have a close or special relationship with CBRE that could facilitate the introduction of daylight harvesting ballasts in the CBRE-owned or –managed commercial buildings throughout the United States.

20. On July 16, 2013, Plaintiff resigned from Green Ballast.

21. Green Ballast failed to file its Third Quarter 2013 report with the Securities and Exchange Commission. There is no market for plaintiff's stock and Plaintiff's investment has been lost.

## COUNT I
### (Fraud By Intentional Misrepresentation)

22. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 21 above as if fully set forth herein.

23. IRC represented to Plaintiff that the following representations were true, specifically:

   a. Adams has a special relationship with CBRE's senior management; and

   b. Adams could introduce the Axis lighting ballast to the CBRE world, creating an installed base that would be very profitable for IRC and investors in the new entity; and

    c. individuals should invest in IRC's new venture because of the "built-in" business potential of CB Richard Ellis given IRC's "special" relationship with CB Richard Ellis.

24. IRC's representations were false;

25. IRC knew these representations were false when Adams made them. Alternatively, IRC, through Adams, made these representations recklessly and without regard for their truth;

26. IRC intended that Plaintiff rely on these representations;

27. Plaintiff reasonably relied on IRC's representations;

28. Plaintiff was harmed; and

29. Plaintiff's reliance on IRC's representations were a substantial factor in causing Plaintiff's harm.

## COUNT II
### (Negligent Misrepresentation)

30. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 21 above as if fully set forth herein.

31. IRC represented to Plaintiff that the following representations were true, specifically:

    a. Adams has a special relationship with CBRE's senior management; and

Complaint            - 11

b. Adams could introduce the Axis lighting ballast to the CBRE world, creating an installed base that would be very profitable for IRC and investors in the new entity; and

c. individuals should invest in IRC's new venture because of the "built-in" business potential of CB Richard Ellis given IRC's "special" relationship with CB Richard Ellis.

32. IRC's representations were false;

33. IRC did not have a reasonable basis to believe its statements of fact were true;

34. IRC intended that Plaintiff rely on these representations;

35. Plaintiff reasonably relied on IRC's representations;

36. Plaintiff was harmed; and

37. Plaintiff's reliance on IRC's representations were a substantial factor in causing Plaintiff's harm.

### RELIEF

WHEREFOR PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

On Count I, for:

1. Judgment for damages according to proof, but not less than $250,000, plus interest;

2. An award of punitive damages, under common law and or California Civil Code § 3294;

3. An award of costs; and

4. For such other and further relief as this Court deems just and equitable.

On Count II, for:

1. Judgment for damages according to proof, but not less than $250,000, plus interest;

2. An award of costs; and

3. For such other and further relief as this Court deems just and equitable.

Dated: January 29, 2014.

Respectfully submitted,
By: /s/ Victoria E. Brieant
Victoria E. Brieant (CA Bar No. 141519)
Law Office of Victoria E. Brieant
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Telephone: (305) 413-9026
Facsimile: (786) 228-4914
Email: victoria@brieantlaw.com

Attorney for Plaintiff
Brian Bowman

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b) and Civil Local Rule 38-1, plaintiff demands a trial by jury on all issues allowable by law.

Dated: January 29, 2014.            By: /s/ Victoria E. Brieant
                                    Victoria E. Brieant (CA Bar No. 141519)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Gary A. Feess__ and the assigned Magistrate Judge is __Victor B. Kenton__.

The case number on all documents filed with the Court should read as follows:

**2:14-cv-00741-GAF(VBKx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 30, 2014         By    APEDRO
Date                           Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)     NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California ▼

| | |
|---|---|
| BRIAN BOWMAN <br><br> *Plaintiff* <br> v. <br> IRC - INTERSTATE REALTY CORPORATION <br> (See attached) *Defendant* | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) CV14-00741-GAF(VBKx) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
VICTORIA E. BRIEANT (CALIFORNIA BAR NO. 141519)
LAW OFFICE OF VICTORIA E. BRIEANT
4000 PONCE DE LEON BOULEVARD, SUITE 470
CORAL GABLES, FL 33146
TEL.: 305-421-7200

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: JAN 30 2014

ANDRES PERO

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* IRC-INTERSTATE REALTY CORPORATION
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I.(a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| BRIAN BOWMAN | IRC-INTERSTATE REALTY CORPORATION d/b/a CB RICHARD ELLIS MEMPHIS |

| (b) County of Residence of First Listed Plaintiff   LAS VEGAS, NV | County of Residence of First Listed Defendant   SHELBY, TN |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| VICTORIA E. BRIEANT, LAW OFFICE OF VICTORIA E. BRIEANT, 4000 PONCE DE LEON BOULEVARD, SUITE 470, CORAL GABLES, FL 33146  (305) 421-7200 | |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)
☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**BY FAX**

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ 250,000.00

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
SUIT FOR FRAUD AND NEGLIGENT MISREPRESENTATION BASED ON PLAINTIFF'S INVESTMENT.

### VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☒ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV14-00741

CV-71 (11/13)           CIVIL COVER SHEET           Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies:<br><br>☐ 2 or more answers in Column C<br><br>☐ only 1 answer in Column C and no answers in Column D<br><br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | C.2. Is either of the following true? If so, check the one that applies:<br><br>☐ 2 or more answers in Column D<br><br>☐ only 1 answer in Column D and no answers in Column C<br><br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |
|---|---|

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Victoria E. Bireaud_ DATE: 1/29/14

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |